IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VINH PHAN,<br><br>                Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, SECRETARY OF U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                Defendant. | Case No. 24-CV-2142-HLT-TJJ |

**REPORT AND RECOMMENDATION**

**NOTICE**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

**REPORT AND PROPOSED FINDINGS**

Plaintiff commenced this action *pro se* on April 10, 2024 by filing an Employment Discrimination Complaint (ECF No. 1) alleging employment discrimination based on race and national origin under Title VII of the Civil Rights Act of 1964. This matter comes before the Court on Plaintiff's Motion to Proceed without Prepayment of Fees (ECF No. 3).

Section 1915 of Title 28 of the United States Code allows the court to authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit…[if] the person is unable to pay such fees or give security therefor." To

succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees. The decision to grant or deny *in forma pauperis* status under section 1915 lies within the "wide discretion" of the trial court.

Based on the information contained in Plaintiff's Affidavit of Financial Status (ECF No. 3-1), Plaintiff has not shown a financial inability to pay the required filing fee. Plaintiff is currently employed and reporting a monthly income that exceeds the reported monthly household expenses. The Court finds that Plaintiff has sufficient financial resources to pay the filing fee.

The Tenth Circuit in *Lister v. Department of the Treasury* has held that magistrate judges have no authority to enter an order denying a motion to proceed without prepayment of fees because such ruling is considered dispositive. Under Fed. R. Civ. P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court. The undersigned Magistrate Judge therefore submits to the District Judge the following Recommendation regarding Plaintiff's motion.

## **RECOMMENDATION**

Based upon the above findings, it is hereby recommended that Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3) be denied. Plaintiff should be ordered to prepay the full filing fee[1] **within 30 days** in order for this action to proceed, cautioned that failure to pay the filing fee by that time will result in the dismissal of this action without prejudice, and advised that if he pays the filing fee, Plaintiff must serve Defendant with a copy of the summons and the Complaint within **90 days of the date** he filed the Complaint.[2]

---

[1] *See* 28 U.S.C. § 1914(a) and District Court Miscellaneous Fee Schedule.
[2] *See* Fed. R. Civ. P. 4(m).

Respectfully submitted.

Dated April 18, 2024, in Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge