IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VINH PHAN,<br><br>    Plaintiff,<br><br>v.<br><br>XAVIER BECERRA, SECRETARY OF U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | Case No. 24-CV-2142-HLT-TJJ |

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se*, has filed an Employment Discrimination Complaint alleging employment discrimination based on race and national origin under Title VII of the Civil Rights Act of 1964. This matter is presently before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4), in which he asks the Court to appoint a lawyer to represent him in this case.

Unlike a criminal defendant, a plaintiff in a civil case has no constitutional or statutory right to appointed counsel.[1] For employment discrimination cases under Title VII of the Civil Rights Act of 1964, the court may appoint counsel for a plaintiff asserting claims under Title VII "in such circumstances as the court may deem just."[2] The Tenth Circuit has identified four factors which are relevant when evaluating motions for the appointment of counsel in Title VII cases.[3] Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3)

---

[1] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[2] 42 U.S.C. § 2000e-5(f)(1).

[3] *Castner*, 979 F.2d at 1420.

meritorious allegations of discrimination."[4]  In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[5]  The discretion granted to the court in appointing counsel is extremely broad.[6]

Because Congress did not provide any mechanism for compensating appointed counsel, however, *Castner* cautions the "[t]houghtful and prudent use of the appointment power . . . so that willing counsel may be located without the need to make coercive appointments."[7] Indiscriminate appointment of volunteer counsel to undeserving claims wastes precious resources and may discourage attorneys from providing pro bono services.[8]

Reviewing Plaintiff's motion and Declaration of Good Faith Efforts to Obtain Counsel under the above-referenced standards, the Court declines to appoint counsel to represent Plaintiff at this time. Although Plaintiff has shown diligence in contacting local employment attorneys attempting to secure their services, the Court finds Plaintiff has the capacity and ability to represent himself without counsel in this case. The Court therefore declines to appoint counsel for Plaintiff under 42 U.S.C. § 2000e-5(f)(1).

---

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 1421.

[8] *Id.*

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

Dated April 18, 2024 in Kansas City, Kansas.

_Teresa J. James_
Teresa J. James
U. S. Magistrate Judge
